[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10704
_____

D.C. Docket No. 8:15-cv-02745-JSM,
Bkcy No. 8:11-bkc-10035-CPM

In Re: NASSER AYYOUB,
        WENDY AYYOUB,

                                                            Debtors.

_____

TRACI K. STEVENSON,
Trustee,

                                                    Plaintiff - Appellant,

versus

CORPORATION OF LLOYD'S,
CERTAIN SUBSCRIBERS OF CANOPIUS SYNDICATE #4444,
CANOPIUS MANAGING AGENTS LIMITED,
CERTAIN SUBSCRIBERS OF HISCOX SYNDICATE #33,
HISCOX SYNDICATES LIMITED, et al.,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 19, 2016)

Before MARCUS and WILLIAM PRYOR, Circuit Judges, and LAWSON,* District Judge.

PER CURIAM:

In this bankruptcy appeal, Traci Stevenson, as Trustee for the bankruptcy estate of Nasser and Wendy Ayyoub, challenges the October 1, 2015 order of the bankruptcy court, later affirmed by the district court on February 10, 2016, dismissing with prejudice, for failure to state a claim, her second amended complaint, which charged, as relevant here, common law breach of insurance contract. Stevenson claims that these courts erred because Lloyd's Corporation and its relevant syndicates and subscribers (collectively, the "Insurers") are obligated to provide insurance coverage for claims arising out of the sale of alcohol to a minor on February 28, 2008 pursuant to a one-page binder that was issued by the Insurers on February 18, 2008. After thorough review and with the benefit of oral argument, we affirm for the reasons detailed by the bankruptcy court in its oral ruling on September 24, 2015.

---

\* Honorable Roger H. Lawson, Jr., United States District Judge for the Middle District of Georgia, sitting by designation.

2

As we see it, the bankruptcy court correctly concluded that, under Florida's longstanding common law merger doctrine, the binder merged with the terms and conditions of the full insurance policy that was issued on March 6, 2008 (the "2008 Policy"). Under the common law rule, if a binder was in effect at the time of loss, the exclusions in the forthcoming policy could preclude coverage even though the policy had not yet been issued. See 1A Couch on Ins. § 13:8. No Florida statute clearly and unequivocally departs from this longstanding common law rule. Since the binder merges with the 2008 Policy, the terms and conditions of the 2008 Policy must be applied to the claims arising out of the sale of alcohol on February 28, 2008.

What's more, we agree with the bankruptcy court that Stevenson's claims are barred by collateral estoppel. Collateral estoppel is a judicially created doctrine that prevents identical parties from relitigating the same issues that have already been decided. See Mobil Oil Corp. v. Shevin, 354 So. 2d 372, 374 (Fla. 1977). The central issue in this case – whether the Insurers owe coverage under the terms of the 2008 Policy – was already decided in a 2010 declaratory judgment action, where the district court earlier held that, under the terms of the 2008 Policy, the Insurers had no obligation to defend or indemnify the debtors or their employees based on the liquor liability exclusion contained in the Policy. **[DE 69 Ex. R.]** Stevenson is not entitled to another bite at that apple.

**AFFIRMED.**